24-938
*United States v. Simmons*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-five.

Present:
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

      *Appellee*,

      v.                                  24-938(CON)

NAQUANN SIMMONS,

      *Defendant-Appellant.*[*]

---

FOR DEFENDANT-APPELLANT:      Devin McLaughlin, Langrock Sperry & Wool, LLP, Middlebury, VT.

FOR APPELLEE:      Rebecca Rose Delfiner, Steven John Kochevar, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Naquann Simmons violated the terms of his supervised release by traveling to Pennsylvania in an attempt to make an illegal purchase of two firearms. In March 2024, the district court revoked Simmons's supervised release, sentenced him to 16 months' imprisonment, and imposed a new term of 44 months of supervised release. Simmons now challenges his sentence as procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.        Procedural Reasonableness

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (quotation marks omitted). "Moreover, when a defendant fails to object to an alleged sentencing error before the district court, we will ordinarily consider any later objections forfeited on appeal unless the defendant can meet the plain-error standard." *United States v. Davis*, 82 F.4th 190, 196 (2d Cir. 2023). To show plain error, a defendant must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected

2

the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration adopted and quotations omitted).

At sentencing, Simmons failed to object to the district court's § 3553(a) analysis. He now argues on appeal that his sentence is procedurally unreasonable because the district court determined that Simmons was attempting to purchase a firearm for "a disqualified person" based only on an "unproven recitation of facts," and on that basis alone imposed its sentence. Appellant's Br. at 11. We disagree.

First, the district court relied on more than "pure allegation based on speculation." Appellant's Br. at 10. As the district court detailed, Simmons "left New York State having undertaken at least a degree of planning and lin[ed] up a straw purchaser." App'x at 90. He chose "a state in which gun purchases could be performed more easily." *Id*. And according to surveillance footage presented by the government, he made a FaceTime call from the gun store to show someone one of the two guns he was attempting to purchase. *See id*. at 73. Based on that information, the district court concluded that "[c]ircumstantially it appears that one of the guns was destined for another person," which "in turn suggests that that other person quite likely was barred from gun possession." *Id*. at 90. In sentencing, a district court "may base its factfinding on circumstantial evidence and on reasonable inferences drawn therefrom." *United States v. Gaskin*, 364 F.3d 438, 464 (2d Cir. 2004). So we see no procedural error—let alone plain error— in the district court's analysis.

Second, the district court identified "a number of factors that point[ed] towards a lengthy sentence." App'x at 89. It highlighted the fact that it is "relatively rare" for a defendant to

3

violate supervised release in a manner that "endangers the public." *Id*. It underscored that the offense "tracks to some degree the underlying conduct" for which Simmons had originally been sentenced. *Id*. at 90. And it emphasized its view that to deter Simmons from future illegal conduct, "the federal criminal system of justice has to respond in a strong fashion here to get the message across." *Id*. at 91. The district court thus had ample reasons for imposing its sentence.

## II. Substantive Reasonableness

"We review the substantive reasonableness of a district court's sentence under a deferential abuse-of-discretion standard." *United States v. Gates*, 84 F.4th 496, 504-05 (2d Cir. 2023) (quotation marks omitted). "A sentence is substantively unreasonable when it cannot be located within the range of permissible decisions, because it is shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Osuba*, 67 F.4th 56, 68 (2d Cir. 2023) (quotation marks omitted). We "vacate a sentence for substantive unreasonableness only in exceptional cases." *Davis*, 82 F.4th at 200 (quotation marks omitted).

Simmons argues that his conduct "does not warrant a sentence that goes above the Guidelines." Appellant's Br. at 14. But the district court went "above the top of the guideline range" to "reflect the extent of the abuse of trust here, the need to protect the public," and "the need for the sentence to serve as a deterrent." App'x at 93. As the district court explained, the conduct at issue was "egregious" and "far, far more significant" than "most violations of supervised release." *Id*. at 90. Simmons tried "buying two dangerous guns across state lines, using a straw purchaser." *Id*. at 94. Still, the district court considered "mitigating" factors, including the fact that Simmons "pled guilty" and is a "loving father," and noted that "the sentence would have been at least a couple of months higher" otherwise. *Id*. at 92.

4

Simmons further argues that his sentence is substantively unreasonable because the district court gave "so much weight to th[e] unproven evidence" that Simmons was purchasing a firearm for a prohibited person. Appellant's Br. at 14. But the district court made clear that its "overwhelming focus" was the "abuse of trust reflected in the violations of supervised release." App'x at 88. It emphasized that the fact that Simmons attempted to purchase firearms as a "convicted felon" was itself "alarming conduct." *Id*. at 89-90. And it explained that regardless of whether Simmons was procuring the gun for someone else, purchasing the gun "could only have resulted in bad things happening," especially given that "[g]un violence in this district is out of control." *Id*. at 91. Given the district court's "very wide latitude to decide the proper degree of punishment," we find no abuse of discretion in the sentence. *United States v. DiMassa*, 117 F.4th 477, 482 (2d Cir. 2024) (quotation marks omitted).

*     *     *

We have considered Simmons's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court